UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ESTRADA,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO FIRE DEPARTMENT, 698, et al.,<br><br>    Defendants. | Case No. 25-cv-00216-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT**<br><br>Re: Dkt. No. 12 |

Now before the Court is the motion to dismiss filed by Defendant City and County of San Francisco (the "City"), erroneously sued as San Francisco Fire Department 698. Plaintiff Michael Estrada did not file an opposition to the motion. The Court has reviewed the papers and relevant legal authority and determines that this matter is suitable for resolution without oral argument. Civ. L.R. 7-1(b). The Court VACATES the hearing set for April 25, 2025. For the following reasons, the Court GRANTS the City's motion.

**BACKGROUND**

**A.   Allegations in the Complaint.**

Pro se Plaintiff Michael Estrada formerly worked as a firefighter with the San Francisco Fire Department ("SFFD"). (Dkt. No. 1, Compl., ¶ 1.) Plaintiff alleges that, during his time with SFFD, Plaintiff experienced discriminatory treatment due to his race. (*Id.* ¶ 17.) Plaintiff was "exclu[ded] from critical communications due to the department's entrenched 'boys club' culture that favored white firefighters." (*Id.*)

On May 21, 2009, Plaintiff responded to the "Revere Street Fire." (*Id.* ¶ 7.) A Black Assistant Chief with SFFD, Audrey Lee, assumed command at the fire. (*Id.* at ¶ 17.) A White Deputy Chief, Pat Gardner, then arrived and relieved Lee of command. (*Id.*) Plaintiff alleges that

1   Gardner relieved Lee of his duties due to racial animus rather than operational necessity. (*Id.*)

2   Plaintiff was ordered, presumably by Gardner, to maintain a dangerous position near to the building even though a collapse zone had not been established. (*Id.* ¶¶ 8-9.) The building then collapsed, causing Plaintiff serious physical injury. (*Id.*) Plaintiff also suffers from severe post-traumatic stress disorder, opioid dependency from pain management, and loss of his career. (*Id.* ¶¶ 24-25.) Video of the collapse and Plaintiff's injury is used by fire departments nationwide to train firefighters on proper safety protocols. (*Id.* ¶ 9, Ex. A.)

Plaintiff brings three claims arising from the Revere Street Fire: (1) violation of civil rights under 42 U.S.C. section 1983, (2) gross negligence, and (3) discrimination.

**B.    Request for Judicial Notice.**

The City requests the Court take judicial notice of four exhibits relating to Plaintiff's government claim against the City. (Dkt. No. 12-1, Request for Judicial Notice ("RJN").) Plaintiff did not file an opposition to the RJN. The Court may take judicial notice of matters of public record, and it does so here. *See Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining courts may take judicial notice of documents possessed by state entities); Fed. R. Evid. 201(b).

Exhibit A is a claim form by Plaintiff dated December 24, 2018. (RJN, at 4.) In the form, Plaintiff contends that the SFFD made mistakes in the Revere Street Fire and that the SFFD is racist. (*Id.*)

Exhibit B is a letter response, dated January 11, 2019, explaining that Plaintiff's claim form was "being returned because it was not presented within six months after the event or occurrence" as required by Sections 901 and 911.2 of the California Government Code. (*Id.* at 8.) The letter instructs Plaintiff that he must "apply without delay to this office for leave to present a late claim," and it informs Plaintiff that he may seek advice from an attorney. (*Id.*)

Exhibit C is Plaintiff's request for leave to file a late claim, dated February 3, 2019. (*Id.* at 11.) In the request, Plaintiff asserts that his case was "equitably tolled" due to nearly ten years of incapacitation which included 125 surgeries, rehab, opioid addiction, PTSD, and depression. (*Id.*)

Exhibit D is the City's denial of Plaintiff's late claim application. (*Id.* at 14.) In the denial

2

letter, the City warns Plaintiff that he must "petition the appropriate court for an order relieving [him]" of the claim presentation requirement within six months of the letter. (*Id.*)

## ANALYSIS

A. **Legal Standards Applicable to a Motion to Dismiss.**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations are not required" to survive a motion to dismiss if the complaint contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions[] and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When a party moves to dismiss for failure to state a claim under Rule 12(b)(6), a district court accepts as true all well-pleaded material facts and draws all reasonable inferences in favor of the plaintiff. *Faulkner v. ADT Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). If the allegations are insufficient to state a claim, a court should grant leave to amend unless the court determines the pleading could not "possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

B. **Plaintiff Did Not Timely Oppose the City's Motion.**

The City filed its motion to dismiss on February 27, 2025. (Dkt. No. 12.) Plaintiff's opposition brief was due on March 13, 2025. *See* Civ. L.R. 7-3. Plaintiff did not file his response until April 17, 2025, more than a month late. Plaintiff did not seek leave to file his late response.

Courts within this district split on the effect of failing to oppose motions to dismiss. *Compare United States ex rel. Jones v. Sutter Health*, No. 18-CV-02067-LHK, 2021 WL 3665939, at *4 (N.D. Cal. Aug. 18, 2021) (finding plaintiff conceded arguments to which she did not file an opposition), *with Johnson v. Meta Platforms, Inc.*, No. 22-CV-05691-BLF, 2023 WL 5021784, at *3 (N.D. Cal. Aug. 4, 2023) (finding, in absence of local rule to the contrary, that failure to oppose a motion to dismiss does not constitute consent to dismissal or abandonment of claims).

This Court has held that failure to oppose an argument indicates forfeiture of that

3

argument. *See, e.g.*, *Jones v. Ghaly*, No. 21-CV-05828-JSW, 2022 WL 1128680, at *2 (N.D. Cal. Apr. 15, 2022) (noting "[t]he Court views Plaintiff's failure to oppose these arguments as a concession that those claims should be dismissed."). The Court has not, however, considered a wholesale failure to respond to a motion to dismiss to be an abandonment of all claims. *See Esparza v. Perdue*, No. 18-CV-07131-JSW, 2019 WL 13254179, at *2 (N.D. Cal. Oct. 22, 2019) (considering motion to dismiss on merits where pro se plaintiff failed to oppose); *see also Kamath v. Itria Ventures, LLC*, No. 23-CV-05153-SVK, 2024 WL 3408218, at *5 (N.D. Cal. July 11, 2024) (holding "where a plaintiff does not oppose an attempt to dismiss one of their claims but simultaneously does oppose an attempt to dismiss their other claims, a court may infer that the plaintiff has implicitly abandoned that claim whose dismissal it has not opposed.").

The Court here considers the City's motion on its merits. It nevertheless warns Plaintiff that, should he fail to respond to future motions, the Court may issue an order to show cause why the action should not be dismissed for failure to prosecute or failure to comply with court orders and deadlines.

**C.    Plaintiff's Claims Are Untimely.**

All of Plaintiff's claims lapsed long ago:

- **Section 1983**: Plaintiff's Section 1983 claim is subject to a two-year statute of limitations. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (noting the forum state's limitations period for personal injury actions apply to Section 1983 claims); Cal. Civ. Proc. Code § 335.1 (establishing two-year limitations period for actions "for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another").

- **Negligence**: The same two-year limitations period applies to Plaintiff's negligence claim. *Id.* The limitations period begins to run "when the cause of action is complete with all of its elements" and when Plaintiff knew or should have known of the claim. *Norgart v. The Upjohn Co.*, 981 P.2d 79, 83 (Cal. 1999).

- **Discrimination**: A one-year limitations period applies to Plaintiff's discrimination claim if raised under state law. *See* Cal. Gov't Code § 12960 (West 2006).

- If Plaintiff intended to bring a discrimination claim under Title VII, he was required to file a charge with the U.S. Equal Employment Opportunity Commission within 300 days and thereafter bring suit within 90 days of receipt of a right to sue letter. 42 U.S.C. § 2000e-5(e)(1), (f)(1).

The events at issue occurred on May 21, 2009, nearly sixteen years before Plaintiff filed his complaint. Plaintiff knew of his claims, at the latest, by December 2018, when Plaintiff filed

4

1  his claim with the City. (*See* RJN, Ex. A.) Plaintiff received his second denial letter in February
2  2019. (*Id.*, Ex. D.) Thereafter, Plaintiff waited another six years to file this action. All the claims
3  are thus untimely, unless Plaintiff can demonstrate that the claims were tolled.

4  "Equitable tolling applies when the plaintiff is prevented from asserting a claim by
5  wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the
6  plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238,
7  1242 (9th Cir. 1999), *as amended* (Mar. 22, 1999). Equity does not permit a defendant to benefit
8  where it is the direct cause of the plaintiff's inability to assert his claim within the statutory period.
9  *See id.* (holding the defendant "is not entitled to benefit from the facts that its own admittedly
10 outrageous acts left [plaintiff] so broken and damaged that she cannot protect her own rights"). To
11 benefit from the doctrine, the plaintiff must demonstrate that the defendant had timely notice of
12 the claim, the defendant is not prejudiced by the delay, and "reasonable and good faith conduct on
13 the part of the plaintiff." *Bakalian v. Cent. Bank of Republic of Turkey*, 932 F.3d 1229, 1235 (9th
14 Cir. 2019) (quoting *Addison v. State*, 578 P.2d 941, 943-44 (Cal. 1978)). The proponent of
15 equitable tolling bears the burden of showing these elements are met. *Kwai Fun Wong v. Beebe*,
16 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom. United States v. Wong*, 575
17 U.S. 402 (2015). Plaintiff fails to make this showing.

18 Although Plaintiff did not timely oppose the motion to dismiss, Plaintiff anticipated the
19 statute of limitations issue in his complaint. Plaintiff asserts that "[t]he status of limitations should
20 be tolled due to Plaintiff's documented medical incapacity and delayed discovery of evidence."
21 (Compl., ¶ 26.) Plaintiff lists various, undated medical issues, including "Severe traumatic brain
22 injury affecting cognitive function," "Multiple surgeries and prolonged recovery periods,"
23 "Medically documented inability to manage affairs," and "Severe PTSD impacting decision-
24 making capacity." (*Id.*)

25 Plaintiff does not provide sufficient detail to justify the application of the equitable tolling
26 doctrine. He does not establish a direct connection between the City's alleged conduct and the
27 delay. Moreover, based on the information before the Court, it is implausible to infer that Plaintiff
28 was continuously incapacitated during the entire period: at a minimum, in December 2018 and

February 2019, Plaintiff was aware and capable of pursuing his claims.  (*See* RJN, Exs. A, C.)

Plaintiff's contentions in his late-filed opposition fare no better.  Plaintiff claims that he has "ongoing medical issues stemming from the 2009 incident," and that documentation "is available for the Court's review."  (Dkt. No. 17, at 1-2.)  Plaintiff has not provided any such documentation to the Court.  The Court thus grants dismissal of all claims on the basis they are untimely.

Should Plaintiff choose to file an amended complaint, he must provide the Court with enough information to conclude that equitable tolling may apply.  Generalized statements that Plaintiff was incapacitated or lacked evidence are not enough; he must provide enough detail to show that each piece of the equitable tolling inquiry has been satisfied.

### D. Additional Pleading Issues.

Assuming that Plaintiff may adequately allege that equitable tolling applies to save his expired claims, Plaintiff must also cure numerous other defects in his Complaint.

First, Plaintiff presents a mixture of real and fake court decisions to the Court.  *See, e.g.*, *Davis v. Chicago Fire Dep't*, 598 F.3d 325 (7th Cir. 2010) (nonexistent case); *Johnson v. Alameda Cnty. Fire Dep't*, 714 F.3d 1091 (9th Cir. 2013) (same).  Plaintiff also fabricates quotes from existing cases.  *See Alexander v. City of Milwaukee*, 474 F.3d 437 (7th Cir. 2007) (miscited by Plaintiff for the proposition that "relief of minority commanders 'disrupts established safety protocols and creates actionable liability'").  Plaintiff cited these same cases in his late-filed opposition.  These false citations are misrepresentations to the Court and will not be permitted.  The Court warns that it may impose sanctions for misrepresentations, up to and including dismissal of the action with prejudice.

Second, Plaintiff has not adequately alleged that the City may be liable for discrimination under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).  *Monell* limits municipal liability to situations where: (1) a municipal employee acted pursuant to a formal policy, custom, or practice; (2) an official with "final policy-making authority" acted; or (3) an official final policymaker ratified a subordinate's act.  *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).  Plaintiff does not allege facts to support any of these possible theories for his

discrimination claim.

Third, Plaintiff does not address the exclusive remedy provision of the California Workers' Compensation Act. Cal. Lab. Code § 3600. Plaintiff alleges that he was injured in the course of his employment. Plaintiff's negligence claim may be subsumed by the exclusive remedy provision unless SFFD's conduct contravenes fundamental public policy and "exceeds the risks inherent in the employment relationship." *Livitsanos v. Superior Ct.*, 828 P.2d 1195, 1202 (Cal. 1992). Plaintiff must plead facts from which the Court could plausibly infer the SFFD's alleged negligence fits into such an exception.

Fourth, Plaintiff has not pleaded that he complied with the California Government Code's presentment requirement nor that he exhausted his administrative remedies through either state or federal agencies. *See Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 902 (E.D. Cal. 2017) (noting that employees may bring claims for damages for discrimination only after filing a complaint with the California Department of Fair Employment and Housing and obtaining a right to sue letter); 42 U.S.C. § 2000e-5(e) & (f); Cal. Gov't Code §§ 12960, 12965. Should he choose to amend his complaint, Plaintiff must address the presentment and administrative hurdles for his negligence and discrimination claims.

Finally, Plaintiff must clarify the basis for his discrimination claim. Plaintiff does not specify, and both the Court and the City were unable to decipher, pursuant to what legal authority Plaintiff intends to bring the claim.

**RESOURCES FOR SELF-REPRESENTED LITIGANTS**

The Court reminds Plaintiff that resources are available for parties who represent themselves in the Northern District of California. The Court website has various resources available, available at: https://www.cand.uscourts.gov/pro-se-litigants/.

The Court encourages self-represented litigants to consult with the Federal Pro Bono Project (sometimes also called the Legal Help Center), though this is optional. To schedule an appointment with the Legal Help Center, email fedpro@sfbar.org or call (415) 782-8982.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the City's motion to dismiss, without

1  prejudice.  Plaintiff shall file an amended complaint, if any, within twenty-one days of this Order.

2  **IT IS SO ORDERED.**

3  Dated: April 18, 2025

_____
JEFFREY S. WHITE
United States District Judge